UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GRACE ALBANESE,<br><br>                Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                Defendants. | Case No. 2:17-cv-00577-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(2nd Am. Compl. – ECF No. 50) |

This matter is before the court for a screening of Plaintiff Grace Albanese's Second Amended Complaint (ECF No. 50). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

I.  **BACKGROUND**

Ms. Albanese is proceeding in this action *pro se*, that is, representing herself, and she has been given permission to proceed *in forma pauperis* ("IFP"). *See* Screening Order (ECF No. 12). On February 23, 2017, Ms. Albanese commenced this action by filing an IFP Application (ECF No. 1) and complaint. This case arises from her allegations, pursuant to 28 U.S.C. § 1983, that defendants violated her civil rights. Upon initial review of the complaint, the court issued a Screening Order (ECF No. 12) instructing Ms. Albanese to file an amended complaint to correct certain defects in her pleading.

On May 9, 2017, the court issued a second Screening Order (ECF No. 30) dismissing the Amended Complaint (ECF No. 17) for failure to state a colorable claim and granting her leave to amend her pleading. On June , 2017, she filed her Second Amended Complaint (ECF No. 50), which the court will now screen.

Additionally, the court notes that both prior screening orders acknowledged that Ms. Albanese has submitted numerous letters to the court since filing this action. *See* Screening Order (ECF No. 15) (citing Pl.'s Letters (ECF Nos. 2, 4, 5, 6, 7, 8, 9, 10, 11)); Screening Order (ECF No. 30) (citing Pl.'s Letters (ECF Nos. 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28)). Albanese was explicitly informed that she may not request relief from the court by letter. However, she has continued to file numerous improper letters. *See* Pl.'s Letters (ECF Nos. 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67).

Letters to judges are not motions authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice.[1] LR IA 7-1(b) (stating that "all communications with the court must be styled as a motion, stipulation, or notice"). "It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This includes the power to strike improperly filed items from the docket. *Id.* at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008). Such power enables the court to enforce its orders, manage its docket, and regulate insubordinate litigation conduct. *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012). Litigation misconduct includes the filing of procedurally improper documents. *See id.*

Ms. Albanese may not send judges case-related correspondence requesting that the court take some action on her behalf. Any request for relief from the court must be filed as a motion supported by a memorandum of points and authorities. *See* LR 7-2. Albanese is warned that if she continues to file letters, requesting relief that has already been denied, or continues to make frivolous, unsupported requests it may result in the imposition of sanctions up to and including dismissal of this case.

II. **SCREENING THE AMENDED COMPLAINT**

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

complaints"). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Ms. Albanese's Revised Factual Allegations and Claims for Relief

The Second Amended Complaint (ECF No. 50) names as defendants the Las Vegas Metropolitan Police Department ("LVMPD") and LVMPD employees, Carroll Denny and Sargent Cory Staheli. Ms. Albanese alleges that LVMPD has a policy of "unquestionable disrespect" towards her that violates the cruel and unusual clause of the constitution. *Id*. at 4–5. The policy "requires all LVMPD employees to use cruel and unusual conduct" towards her and it resulted in violations of her equal protection and due process rights. *Id*. at 5. Municipal liability should be imposed on LVMPD for its "reckless indifference to maintaining civility and order." *Id*. at 5–6. LVMPD's consistent pattern of uncivil behavior is the norm and might be an attempt to deter Albanese from using police services. *Id*. at 6. Defendants Denny and Staheli, in particular, have applied the policy to Albanese whenever she comes in contact with the police. LVMPD's policy and dealings with her have created a hostile relationship and resulted in her lack of trust, which "this and many lawsuits can confirm." *Id*. at 7.[2] So cruel is LVMPD's opinion of Albanese that

---

[2] Since March 2016, Ms. Albanese has filed 34 federal cases in the District of Nevada, 32 of which are currently ongoing, and nine of which are pending before the undersigned. *See Albanese v. Fed. Bureau of Investigations*, 2:16-cv-00529-KJD-NJK; *Albanese v. Transp. Security Admin.*, 2:16-cv-00530-GMN-CWH; *Albanese v. Homeland Security*, 2:16-cv-00531-RFB-VCF; *Albanese v. Las Vegas Metro. Police*

1   "a policy of uncivilized hostility is the norm and municipal liability the answer." *Id*.

2   Ms. Albanese alleges that the defendants' actions violated her rights to free speech, equal protection, and due process, as well as her right to be free of public corruption. *Id*. at 11. She asserts that she has mental distress injuries resulting from LVMPD's policy and she seeks $500,000 in damages. *Id*. at 8.

For the reasons discussed below, the court finds that the Second Amended Complaint fails to state a colorable claim. The court will therefore recommend dismissal of this case.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis

---

*Dep't*, 2:16-cv-00532-RFB-GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16-cv-01882-APG-PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17-cv-00577-GMN-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01087-GMN-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01284-MMD-NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01285-JCM-VCF, *appeal docketed*, No. 17-16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01286-JAD-PAL; *Albanese v. Dep't of Homeland Security*, 2:17-cv-01287-JCM-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01520-JAD-CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01544-RFB-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01573-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01574-RFB-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01599-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01600-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01614-JAD-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01633-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01634-RFB-CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01635-JAD-CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01640-MMD-VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01641-JAD-GWF; *Albanese v. Homeland Security*, 2:17-cv-01642-RFB-GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01662-JAD-NJK; *Albanese v. Homeland Security*, 2:17-cv-01663-JCM-NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01664-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01735-JCM-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01780-JCM-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01782-JCM-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01795-JAD-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01807-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01808-APG-GWF. In all, she has sued LVMPD 21 times in just over a year. Ms. Albanese is warned that duplicative lawsuits with virtually identical causes of action are subject to dismissal under 28 U.S.C § 1915. *See Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id*. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (affirming that duplicative litigation is "an independent ground for dismissal"). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

**C. Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011).

Ms. Albanese's Second Amended Complaint fails to correct the deficiencies noted in the last Screening Order (ECF No. 31). She makes conclusory allegations that Defendants Staheli and Denny violated her due process, equal protection, and free speech rights when they followed LVMPD's policy of using "unquestionable disrespect," "uncivil behavior," and "cruel and unusual conduct" towards her. The Eighth Amendment's prohibition on cruel and unusual punishments applies only "after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). Albanese does not allege that she is a prisoner convicted of a crime; thus, the Eighth Amendment does not apply. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

The court previously explained to Ms. Albanese that the Due Process Clause of the Fourteenth Amendment does not require LVMPD or its employees to provide her with any particular services. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989); *Estate of Amos ex rel. Amos v. City of Page, Arizona*, 257 F.3d 1086, 1091 (9th Cir. 2001). At their core, Albanese's allegations express her disapproval of defendants' decisions, but her allegations do not create a plausible civil rights violation.

In addition, First Amendment does not guarantee Ms. Albanese a right to receive the desired response from LVMPD to redress her grievances. *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283, 285 (1984). An individual "can associate and speak freely and petition openly, and he is protected by the First Amendment," but that "does not impose any affirmative obligation on the government to listen [or] to respond" to grievances. *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979). Defendants are not obligated to respond to Albanese's requests in the manner of her choosing.

Furthermore, Ms. Albanese has not alleged that defendants discriminated against her based on her membership in any protected class such as race, gender, national origin, or religion. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). Thus, her allegations do not suggest an equal protection violation.

Ms. Albanese has not stated an actionable § 1983 claim against LVMPD or its employees, Staheli and Denny. The court will therefore recommend that the Second Amended Complaint be dismissed. Because Albanese has repeatedly failed to cure the deficiencies in her pleading, the court will not recommend leave to amend.

Accordingly,

**IT IS RECOMMENDED:**

1. Plaintiff Grace Albanese's Second Amended Complaint (ECF No. 50) be **DISMISSED**.
2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 30th day of June, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the

district court's judgment.  *See* Fed. R. App. Pro. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.